**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
VUONG NGUYEN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| VUONG NGUYEN,<br><br>              Plaintiff,<br><br>       vs.<br><br>EXPERIAN INFORMATION SERVICES, INC.<br><br>              Defendants. | Case No.: 8:23-cv-1248<br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681, *ET. SEQ.*]** |

**INTRODUCTION**

1. VUONG NGUYEN (Plaintiff) brings this action to secure redress from Defendant EXPERIAN INFORMATION SERVICES, INC. (hereinafter "Experian" or "Defendant") for violations of the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as

1

Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides within this district and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Savage, Minnesota. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a California corporation with its principal place of business located in Costa Mesa, CA. At all relevant times herein, Defendant was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

7. Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as its agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## FACTUAL ALLEGATIONS

8. Within two years prior to the filing of this action, Defendant has reported derogatory and inaccurate statements and information on Plaintiff's credit file (hereinafter "inaccurate information").

9. The inaccurate information reported by Defendant includes a trade-line from Citibank/DSNB which falsely and illegally reports a fraudulently opened Macys account, and allegedly missed payments. However, Plaintiff never opened the account in question and the account was procured by an unknown person by way of Identity Theft.

10. In March of 2023, Plaintiff sent dispute correspondence to Defendant regarding the false and inaccurate credit information listed *supra.*

11. As of the date of the filing of this complaint, Defendant continues to report the inaccurate information on Plaintiff's credit files.

12. Despite Plaintiff's exhaustive efforts to date to remove this erroneous information, Defendant has nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to include accurate information, and has continued to report the inaccurate information about Plaintiff.

13. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

14. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

15. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, which has hindered and harmed his ability to obtain credit, and diminished his existing and future creditworthiness.

16. As a direct and proximate result of Defendant's above-referenced willful and/or negligent violations of the law, Plaintiff has suffered actual damages including, but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681** *et seq.*

17. Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above

18. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

19. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

20. Within the two years preceding the filing of this complaint, Plaintiff notified Defendant of an inaccuracy contained in its report and asked Defendant to correct the inaccuracy.

21. Defendant failed to conduct a reasonable reinvestigation of the

4

inaccuracies that Plaintiff disputed, in violation of 15 U.S.C. § 1681s-2(a) and 2(b).

22. Defendant failed to review and consider all relevant information submitted by Plaintiff.

23. As a result of Defendant's failure to conduct a reasonable reinvestigation in accordance with the requirements of 15 U.S.C. § 168li(a)(I), Defendant has failed to remove erroneous information in its credit reporting relating to Plaintiff, after having been notified that Plaintiff disputes that information.

24. Defendant's's failure to comply with the requirements of 15 U.S.C. §1681i(a)(l) was willful within the meaning of 15 U.S.C. § 1681n(a) and negligent within the meaning of 15 U.S.C. § 1681o(a).

25. As a result of Defendant's willful and negligent noncompliance with the requirements of 15 U.S.C. §§ 1681e(b) and 168li(a)(1), Plaintiff has suffered damage to his credit ratings and other actual damages and is entitled to actual, statutory and punitive damages under 15 U.S.C. §§ 1681n(a) and o(a).

## SECOND CAUSE OF ACTION

**Willful Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b)**

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. Defendant is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

28. Defendant uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(t).

29. In preparing Credit Reports, Defendant has failed to use reasonable

procedures to, as required by law, "assure maximum possible accuracy" of information relating to inaccurately reported inforrmation, in violation of 15 U.S.C. § 1681e(b).

30. As a result of Defendant's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant is reporing inaccurate and materially misleading information about Plaintiff.

31. Defendant's failure to comply with the requirements of 15 U.S.C. § 1681e(b) is willful within the meaning of 15 U.S.C. § 1681n(a).

32. As a result of Defendant's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2).

33. As a further result of Defendant's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b), Plaintiff has suffered damage to his credit rating and other actual damages.

## THIRD CAUSE OF ACTION

**Negligent Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b)**

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. In preparing credit reports relating to Plaintiff, Defendant has failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. § 1681e(b).

36. As a result of Defendant's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b), Defendant is falsely reporting an account that Plaintiff never opened, reporting a balance that Plaintiff does not owe, and that Plaintiff allegedly made late payments.

37. Defendants's failure to comply with the requirements of 15 U.S.C. § 1681 e(b) is negligent within the meaning of 15 U.S.C. § 1681o(a).

38. As a result of Defendant's negligent violations of the requirements of 15 U.S.C. § 1681e(b), Plaintiff has suffered damage to his credit rating and other actual damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

39. an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C § 1681(n);

40. an award of statutory damages of $ 1,000.00 per willful violation of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

41. an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

42. an award of attorneys' fees and costs pursuant to 15 U.S.C § 1681(o).

43. Providing such further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: July 12, 2023       **MARTIN & BONTRAGER, APC**

By: /s/ G. Thomas Martin, III
G. Thomas Martin, III
*Attorneys for Plaintiff*